```
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ALABAMA
               SOUTHERN DIVISION

ELIZABETH CARRA,              )
                              )
     Plaintiff,               )
                              )
vs.                           ) Civil action No: CV-01-S-311-S
                              )
THE STEWART LAW GROUP, P.C.,  )
and MARVIN L. STEWART, JR.,   )
                              )
     Defendants.              )
```

FILED
01 MAY -7 PM 4: 23
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 7 2001

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion for sanctions against defendant Marvin L. Stewart, Jr., for abusing this court's scheduling order entered on April 11, 2001. Stewart personally attempted to use the scheduling order to obtain plaintiff's medical records to aid him in an action between the parties pending in a state court. Upon consideration of the motion, evidentiary materials, briefs, testimony of Marvin L. Stewart, and oral argument of counsel, the court finds plaintiff's motion is due to be granted.

### I. FACTS

This court entered a scheduling order pursuant to Rule 26 of the Federal Rules of Civil Procedure on April 11, 2001. (Doc. no. 22.) Section 7(b) of that order contained the following language:

> **Medical Authorization.** <u>Counsel for all parties are granted the right to inspect and copy all hospital and</u>



>  <u>medical records relating to the medical care, treatment, diagnosis, condition, and history of Elizabeth Carra</u>, together with the right to interview, in person or otherwise, all physicians, administrators, and other personnel in connection therewith. A copy of this Order shall constitute sufficient authority for such inspection, copying, or interview. A party claiming damages for his or her own personal injuries shall submit, if requested by counsel for an opposing party, to a medical examination by a physician selected, and compensated, by such opposing party; but counsel for the injured party shall be furnished with a copy of any reports of such examination and may depose or interview the examining physician.

(Doc. no. 22, at 2-3 (emphasis supplied).)

On April 13, 2001, Stewart included this court's scheduling order in a package of documents hand delivered to Planned Parenthood, the New Woman Abortion Clinic, the Summit Abortion Clinic, and plaintiff's gynecologist (identified to this court only as "Dr. Banks"). In addition to the scheduling order, the package of documents included a cover letter, a copy of the complaint filed in the state action, and a notice of filing consisting of other material filed in that action. The cover letter began as follows: "This Firm has initiated suit against Ms. Elizabeth Brooke Carra in the Circuit Court of Jefferson County, Alabama to recover damages for breach of contract and false claims of harassment. ..."[1] The letter then summarized Stewart's claims against Carra in that suit

---

[1] Motion to show cause (doc. no. 24), Ex. A, at 18.

2

in sordid detail, including this sentence: "The public record also reflects that Ms. Carra told the undersigned earlier that day who she was 'f-ing' in New York on a business trip was none of the undersigned's business and that she could 'f-' whoever she wanted to 'f-' whenever she wanted to 'f-' them."[2]  The next paragraph references this court's scheduling order:

> The judge in the federal proceedings has issued an order that authorizes the release of all hospital and mental records relating to the medical care, treatment, diagnosis, condition and history of Ms. Carra <u>and</u> the right to interview all physicians and personnel in connection therewith under the terms of the order.  A copy of the order is enclosed.[3]

The letter is signed "The Stewart Law Group, P.C., Marvin L. Stewart."  The attached notice of filing was comprised of numerous pornographic pictures, jokes, and cartoons, which allegedly had been retrieved from Carra's computer at work.

Charles A. McCallum, legal counsel for Planned Parenthood of Alabama, notified plaintiff's attorney of the request for medical records and Stewart's use of this court's scheduling order.  On April 17, 2001, plaintiff's attorney informed Stewart's attorney, Barry Fredrick, that his client was seeking plaintiff's medical records.  On that date, plaintiff's attorney also filed a motion to

---

[2] *Id.*

[3] *Id.* (emphasis in original).

3

show cause for abuse of the scheduling order, motion for protective order, and motion for sanctions. (Doc. no. 24.) This court granted her motion for a protective order and motion to show cause on April 18, 2001. (Doc. no. 26.) Stewart was directed to appear before this court on April 25, 2001, to show cause why he should not be held in contempt and appropriate sanctions imposed for improper use of the court's April 11, 2001 scheduling order.

## II. DISCUSSION

A finding of civil contempt must be supported by clear and convincing proof. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). "This clear and convincing proof must also demonstrate that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." *Id.* (quoting *Jordan v. Wilson*, 851 F.2d 1290, 1292 n.2 (11th Cir. 1988) (per curiam)).

Here, Stewart may not be held in contempt because this court's scheduling order does not definitely and unambiguously forbid his conduct. The scheduling order provides:

> Counsel for all parties are granted the right to inspect and copy all hospital and medical records relating to the medical care, treatment, diagnosis, condition, and history of Elizabeth Carra ... . A copy of this Order

4

>       shall   constitute   sufficient   authority   for   such
>       inspection, copying, or interview.

Thus, the scheduling order <u>permits</u> "counsel" to obtain plaintiff's medical records. His requests complied with the express terms of the order, because Stewart purports to act as counsel for himself and his law firm.[4] The scheduling order authorizes "counsel" to obtain medical records, but does not specify "counsel of record." Stewart has clearly attempted on prior occasions to act as counsel of record on behalf of himself and his law firm, and his status was not clear at the time of his misconduct.

Even so, the court finds Stewart's conduct in obtaining discovery in this matter was reprehensible and unprofessional. Rule 26(g)(2) of the Federal Rules of Civil Procedure provides:

> **(2)** Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:
>
> . . .

---

[4] Stewart is not listed as counsel of record. He filed a counterclaim and evidentiary materials on behalf of himself and his law firm on February 2, 2001, and filed an amended counterclaim for himself and his law firm on February 6, 2001. Those pleadings and evidentiary submissions were stricken by this court's order of February 26, 2001. (doc. no. 13.) Stewart has not since formally entered an appearance in this action.

>    **(B)** not interposed for any improper purpose, such as to harass or to cause unnecessary dely or needless increase in the cost of litigation ...

Rule 26(g)(3) requires:

>    **(3)** If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, <u>shall impose</u> upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

The case law interpreting 26(g)(3) further clarifies that once a finding of impropriety is made, the court <u>must</u> impose an appropriate sanction. *See Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1372 (11th Cir. 1997) ("The decision whether to impose sanctions under Rule 26(g)(3) is not discretionary.").

The superfluous content of Stewart's letter clearly demonstrates that it was intended to harass plaintiff. Further, the request for production of plaintiff's medical records was delivered to parties who have no connection with plaintiff. Finally, Rule 26 requires that discovery requests be signed by "counsel of record," and Stewart has failed to enter an appearance in this action.

### III. CONCLUSION

Accordingly, Stewart will be directed to compensate plaintiff for the reasonable expenses incurred in opposing his improper conduct. An order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this the  7th  day of May, 2001.

*[signature]*
United States District Judge